IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01051-BNB

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO – OFFICE OF GOVERNOR BILL RITTER,
ASSOCIATE WARDEN SOARES,
JOHN SUTHERS, Attorney General, State of Colorado,
NURSE NANCY MUELLER, RN, D.R.D.C.,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ, M.D.,
STEPHEN KREIBS, M.D., Physician Health Partners,
JOSEPH G. FORTUNATO, D.O.,
JOANN STOCK, P.A.,
LT. JASON ZWIRN,
JOSEPH J. WERMERS, M.D.,
LT. SHANE McMAHIL,
CO. REGINA JOHNSON,
NURSE NANCY WHITE,
CO. ST. MARTIN,
CO. KENNETH LEFEVER,
LT. MARK BOLT,
CAPTAIN WEINGARDT,
MAJOR JOHNSON,
CATHIE HOLST, Manager of Correctional Legal Services AIC/ADA Inmate Coordinator,
ADRIENNE JACOBSON, Legal Assistant, Office of Correctional Legal Services
    AIC/ADA Inmate Coordinator,
WARDEN BROADDUS, D.R.D.C.,
MAJOR TWO BEARS CHAVEZ, and
JOHN DOE AND JANE DOE 1-10,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Nasious, is a prisoner in the custody of the Colorado Department

of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Nasious has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Nasious also claims that his rights under the Americans with Disabilities Act have been violated. The court must construe the complaint liberally because Mr. Nasious is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nasious will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Nasious and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule

8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Nasious fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In particular, Mr. Nasious fails to identify the specific claim or claims he is asserting against each Defendant and he fails to support those claims with specific factual allegations that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Instead, Mr. Nasious lumps together related and unrelated factual allegations against various individuals, some of whom are not named as Defendants, and apparently expects the court to decipher the complaint in order to determine what specific claims are being asserted against which Defendants. The complaint also is confusing because Mr. Nasious at times uses inaccurate names and dates in describing his claims. For example, Mr. Nasious refers in his first claim to an individual he identifies as Nurse Martha Mueller, which the court presumes is a reference to the Defendant identified in the caption of the complaint as Nurse Nancy Mueller. Although an isolated typographical error regarding a particular name or date is not a fatal flaw, the number of such errors in the complaint filed by Mr. Nasious adds to the overall confusion in understanding the claims he is asserting.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux***

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Nasious will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Nasious "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Nasious file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Nasious, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nasious fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 18, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01051-BNB

John Nasious
Prisoner No. 98775
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/18/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk