IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01051-BNB

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO – OFFICE OF THE GOVERNOR BILL RITTER,
CAROL SOARES, Colorado Dept. of Corrections,
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ, M.D., C.M.O., Colorado Dept. of Corrections,
STEPHEN KREIBS, M.D., Physician Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners,
P.A. TEJENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director, CDOC,
JOSEPH GARY FORTUNADO, D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH J. WERMERS, M.D., Physician Health Partners,
JOHN SUTHERS, Attorney General, State of Colorado,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO KENNETH LEFEVER, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department, Colorado Department of Corrections,
MAJOR JOHNSON, Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT. MARK BOLT, Colorado Dept. of Corrections,
LT. JASON ZWIRN, Colorado Dept. of Corrections,
LT. SHANE McMAHIL, Colorado Dept. of Corrections,
CATHIE HOLST, Manager of Correctional Legal Services ADA Coordinator/AIC,
    CDOC,
ADRIENNE JACOBSON, Legal Assistant, AIC/ADA Coordinator, CDOC,
WARDEN BROADDUS, Colorado Dept. of Corrections,
MAJOR TWO BEARS CHAVES, Colorado Dept. of Corrections,
SGT. BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY, Librarian, Colorado Dept. of Corrections, and
JOHN DOE AND JANE DOE,

    Defendants.

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff John Nasious is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Nasious initiated this action by filing *pro se* a Prisoner Complaint. On October 23, 2009, he filed an amended Prisoner Complaint. Mr. Nasious asserts three claims that his rights under the United States Constitution have been violated and he asserts one claim pursuant to the Americans with Disabilities Act (ADA).

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Nasious is a prisoner and he is suing officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b)(1).

The Court must construe the amended complaint liberally because Mr. Nasious is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Nasious first claims that he has been denied adequate medical treatment in violation of his Eighth Amendment rights. He alleges in his second claim that prison officials retaliated against him for complaining about the adequacy of the medical treatment available to prisoners. In his third claim, Mr. Nasious contends that his rights under the ADA have been violated. Mr. Nasious finally claims that his constitutional rights were violated when he was subjected to a group strip search.

The Court will not address the merits of the claims Mr. Nasious is asserting at this time. However, the Court will dismiss two of the Defendants named in the amended complaint for lack of personal participation. More specifically, the Court finds that Mr. Nasious fails to allege facts to demonstrate that Defendants Carol Soares, an associate warden at the Sterling Correctional Facility, and John Suthers, the Colorado Attorney General, personally participated in the alleged denial of adequate medical care as set forth in the first claim for relief.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Nasious must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of*

*Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The only claim Mr. Nasious asserts against Defendants Soares and Suthers is the Eighth Amendment medical treatment claim. Mr. Nasious is suing Defendant Soares for violating his Eighth Amendment rights because Defendant Soares was aware that he was not receiving proper treatment and her "duties include the health and safety of the inmates incarcerated in her facility." (Am. Prisoner Compl. at ¶10.) With respect to Defendant Suthers, Mr. Nasious alleges that Defendant Suthers failed to investigate the lack of proper medical treatment even though he knew or should have known that Mr. Nasious was not receiving adequate medical treatment. (*See* Am. Prisoner Compl. at ¶11.)

These allegations are not sufficient to demonstrate that either Defendant Soares or Defendant Suthers personally participated in the alleged denial of adequate medical care. Unlike the medical personnel named as Defendants in connection with the first claim in the amended complaint, Mr. Nasious does not allege that either Defendant Soares or Defendant Suthers actually provides medical care to inmates and failed or refused to provide him with adequate medical care. Therefore, because Mr. Nasious fails to allege facts that demonstrate Defendant Soares and Defendant Suthers personally participated in the asserted Eighth Amendment violation, the Eighth Amendment claim against them is legally frivolous and they will be dismissed as parties to this action.

Upon completion of the court's review pursuant to D.C.COLO.LCivR 8.2C, the court has determined that the claims Mr. Frazier asserts against the remaining Defendants do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Carol Soares and John Suthers are dismissed as parties to this action because Mr. Nasious fails to demonstrate that they personally participated in the asserted constitutional violations. It is

FURTHER ORDERED that this case shall be assigned to Senior Judge Zita L. Weinshienk pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kathleen M. Tafoya.

DATED at Denver, Colorado, this 5th day of November, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01051-BNB

John Nasious
Prisoner No. 98775
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/5/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk