IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01051–ZLW–KMT

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO - OFFICE OF THE GOVERNOR BILL RITTER;
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ M.D. CMO, Colorado Dept. of Corrections,
STEPHEN KREIBS M.D. - Physician, Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners (Ft Myers, FL),
PA TEJEENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director CDOC,
JOSEPH GARY FORTUNADO D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH WERMERS, M.D., Physician Health Partners,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT MARK BOLD, Colorado Dept. of Corrections,
LT JASON ZWIRN, Colorado Dept. of Corrections,,
CATHIE HOLST, Manager of Correctinal Legal Services,
ADA Coordinator, AIC CDOC,
ADRIENNE JACOBSON, Legal Assistant AIC/ADA Coordinator CDOC,
WARDEN BARK BROADDUS, Colorado Dept. of Corrections,
MAJOR TWO BEARS CHAVES, Colorado Dept. of Corrections,
SGT BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY LIBRAIAN, Colorado Dept. of Corrections,
JOHN DOE AND JANE DOE, all in their individual and official capacities,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion to Notify Court of Defendants Making a Mockery of Court Order" (Doc. No. 76, filed February 17, 2010). Defendants filed their response on February 26, 2010. (Doc. No. 82.)

The court must construe the motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Plaintiff alleges that (1) Defendants are making a mockery of the Court's Order Setting Preliminary Scheduling Conference in this case (document number 73, entered February 8, 2010); and (2) Defendants are denying Plaintiff access to his CAT scan results and his medical records.

## A.     *Plaintiff's Telephone Participation at Scheduling Conference*

As to Plaintiff's allegation that he was "informed [by Defendants] to put the Court's telephone number on his inmate[ ] phone list and call the court collect" for the Scheduling Conference, the defendants respond that they have been advised by the litigation liaison at Sterling Correctional Facility that when Plaintiff initially told his case manager he would be having a "telephone hearing," Plaintiff did not have any paperwork or the Court's Order demonstrating the scheduling of such conference with the Court. The instructions given to Plaintiff were pursuant to Administrative Regulation (AR) 850-12, Telephone Regulations

for Offenders. Defendants state that upon CDOC's receipt of the appropriate documentation for the scheduled conference with the Court, Plaintiff was scheduled to call the Court to participate in the Preliminary Scheduling Conference on March 2, 2010 at 9:15 a.m., and Plaintiff's case manager was scheduled to initiate the call to the Court on Plaintiff's behalf at the scheduled time. Defendants state that Plaintiff's participation in the conference call was not scheduled to be conducted via collect call with the Court.

Defendants state they will schedule the Plaintiff's participation in the now-scheduled Scheduling Conference on March 23, 2010, as well as any subsequent dates scheduled by the Court for this and any future conferences, pursuant to the Court's Order, and that such participation will not be scheduled to be conducted via collect call to the Court. The Court also notes that it sends separate notification to the Department of Corrections via email upon setting a hearing with a CDOC inmate, and the CDOC is advised that the Plaintiff, or his case manager, shall arrange for his participation via telephone at the scheduled time. Based on Defendants' representations, Plaintiff's motion is denied in this regard.

### B. *Alleged Denial of CAT Scan Results and Medical Records*

Plaintiff further alleges that the Department of Corrections (DOC) has not provided him with his CAT scan results and that they have not allowed him access to his medical records. Defendants aver that at the time of Plaintiff's last medical appointment on February 11, 2010, Plaintiff's CAT scan results were not available to Defendants. Plaintiffs state that while in the presence of Plaintiff on February 11, 2010, Ms. Nicole Wilson placed a telephone call to the

healthcare facility where Plaintiff's CAT scan was performed to request that said results be faxed to Sterling Correctional Facility. Ms. Wilson advised Plaintiff that his results would be available at his next medical appointment.

The Court construes Plaintiff's motion as a motion to compel which is not properly brought before the Court, as discovery has not commenced and Plaintiff has failed to comply with any discovery rules. Moreover, to the extent Plaintiff seeks access to his CAT scan results and medical records to respond to the Motion to Dismiss filed by Defendant Ritter, Plaintiff's medical records are not pertinent to Plaintiff's response, as the motion to dismiss is made on the pleadings only. Plaintiff's motion is denied in this regard as well.

C.   *Alleged Retaliation by Dr. Goldsmith*

Finally, the court does not construe the factual background information given by Plaintiff regarding Dr. Goldsmith's alleged retaliation against Plaintiff for filing a grievance with the State Board of Medical Examiners as seeking any relief in the present Motion, but construes the allegations only as factual background for claims asserted in his Amended Complaint. Plaintiff does not cite any specific examples of any retaliatory behavior made by Dr. Goldsmith. Moreover, it appears from the medical records attached to Defendant's response that Plaintiff is receiving regular medical treatment from CDOC healthcare providers. To the extent Plaintiff is making an allegation in the present Motion that Dr. Goldsmith is retaliating against him, he has failed state the relief he seeks. Plaintiff's motion is denied in this respect as well.

Accordingly, it is

ORDERED that Plaintiff's "Motion to Notify Court of Defendants Making a Mockery of Court Order" (Doc. No. 76) is DENIED.

Dated this 2nd day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge