IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-01051-ZLW-KMT

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO - OFFICE OF THE GOVERNOR BILL RITTER,
CAROL SOARES, Colorado Dept. of Corrections,
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ, M.D., C.M.O, Colorado Dept. of Corrections,
STEPHEN KREIBS, M.D. - Physician Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners,
P.A. TEJENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director, CDOC,
JOSEPH GARY FORTUNADO D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH WERMERS, M.D., Physician Health Partners,
JOHN SUTHERS, Attorney General, State of Colorado,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO KENNETH LEFEVER, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department, Colorado Dept. of Corrections,
MAJOR JOHNSON, Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT. MARK BOLT, Colorado Dept. of Corrections,
LT. JASON ZWIRN, Colorado Dept. of Corrections,
LT. SHANE McMAHIL, Colorado Dept. of Corrections,
CATHIE HOLST, Manager of Correctional Legal Services ADA Coordinator/AIC, CDOC,
ADRIENNE JACOBSON, Legal Assistant, AIC/ADA Coordinator, CDOC,
WARDEN MARK BROADDUS, Colorado Dept. of Corrections,
MAJOR TWO BEARS CHAVES, Colorado Dept. of Corrections,
SGT. BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY, Librarian, Colorado Dept. of Corrections, and
JOHN DOE AND JANE DOE, all in their individual and official capacities,

    Defendants.

_____
## ORDER
_____

The matter before the Court is Defendant State Of Colorado - Office Of the Governor Bill Ritter's Motion To Dismiss Plaintiff's Amended Complaint (Doc. No. 58). This motion was referred to Magistrate Judge Kathleen M. Tafoya pursuant to D.C.COLO.LCivR 72.1C. On June 25, 2010, the Magistrate Judge issued her Recommendation that the motion be denied in part and granted in part. (Doc. No. 107). Plaintiff filed Plaintiff's Objections To Magistrate Judge's Recommendation (Doc. No. 108) and an Addendum thereto (Doc. No. 109) on July 12, 2010. State Of Colorado - Office Of the Governor Bill Ritter (Ritter) filed a Response to the Objections and Addendum on July 23, 2010 (Doc. No. 112). The Court reviews *de novo* only those portions of the Recommendation to which Plaintiff has specifically objected.[1] The Court has construed Plaintiff's pleadings liberally because he is proceeding *pro se*.[2]

In her Recommendation, the Magistrate Judge concluded that Plaintiff's claims against Ritter in his official capacity under 42 U.S.C. § 1983 for money damages are barred by Eleventh Amendment immunity. Plaintiff has not articulated any specific objection to this aspect of the Recommendation, and the Court agrees with and adopts the Recommendation as to this issue and claim.

---

[1] *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .")

[2] *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

The Magistrate Judge further concluded that Plaintiff's § 1983 claims against Ritter in his official capacity for injunctive relief should be dismissed because Plaintiff had failed to allege any facts indicating that Ritter had any appreciable connection to the alleged unconstitutional deprivation of, or inadequate provision of, medical treatment alleged in this case.[3] In his objection, Plaintiff makes the general and conclusory statement that Ritter is aware that the Colorado Department of Corrections health system is "broken" and violates the Americans with Disabilities Act (ADA).[4] However, neither his Complaint nor his objection allege any facts indicating that Ritter had any specific connection to the particular conduct alleged in this case. The Court agrees with the Magistrate Judge that Plaintiff's § 1983 claims against Ritter in his official capacity for injunctive relief therefore properly are dismissed.

As to Plaintiff's individual capacity claims against Ritter under § 1983, Plaintiff has failed to plead that Ritter personally participated in a violation of Plaintiff's constitutional rights, as is required to state a claim for personal liability under § 1983.[5] Further, Plaintiff has not objected to or addressed the Magistrate Judge's well-reasoned conclusion that Ritter is entitled to qualified immunity on the § 1983 claims asserted against him in his individual capacity. Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 against Ritter in his individual capacity properly are dismissed.

---

[3] See Easterwood v. Okla. Dep't of Corr., 2007 WL 853736, *4 (W.D. Okla. Mar. 16, 2007); Ex Parte Young, 209 U.S. 123, 157 (1908).

[4] 28 U.S.C. § 12111 et seq.

[5] See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

The Magistrate Judge concluded that Plaintiff's allegations do not give rise to a plausible claim against Ritter in his individual capacity for violation of the ADA. Plaintiff does not articulate any specific objection to the Magistrate Judge's determination that Plaintiff has failed to plead facts indicating that Ritter acted with "deliberate indifference to the strong likelihood that a violation of federally protected rights" would result from the implementation of his policies,[6] or her determination that Plaintiff has failed to plead any facts to support a disparate impact claim under the ADA. Further, Plaintiff has not alleged facts which indicate that Ritter knew of Plaintiff's alleged need for accommodation for his disabilities, or that the alleged need for accommodation was obvious to Ritter.[7] Thus, Plaintiff's ADA claim against Ritter in his individual capacity properly is dismissed.

Accordingly, for the reasons set forth above, the Court accepts and adopts the Recommendation in its entirety, and it is

ORDERED that Defendant State of Colorado - Office of the Governor Bill Ritter's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 58) is denied in part to the extent the motion seeks dismissal of Plaintiff's official capacity claim under the Americans with Disabilities Act (ADA) against Defendant State of Colorado - Office of the Governor Bill Ritter. It is

---

[6] Powers v. MJB Acquisition Corp., 184 F.3d 1147, 1153 (10th Cir. 1999).

[7] See Hughes v. Colo. Dep't of Corr., 594 F. Supp. 2d 1226, 1244-45 (D. Colo. 2009).

FURTHER ORDERED that Defendant State of Colorado - Office of the Governor Bill Ritter's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 58) is granted as to all other claims against Defendant State of Colorado - Office of the Governor Bill Ritter in either an individual or official capacity. Thus, the only claim which remains in this case against Defendant State of Colorado - Office of the Governor Bill Ritter is an official capacity claim for violation of the ADA.

DATED at Denver, Colorado, this 1st day of September, 2010.

BY THE COURT:

*(signature)*

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court