IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01051–ZLW–KMT

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO - OFFICE OF THE GOVERNOR BILL RITTER;
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ M.D. CMO, Colorado Dept. of Corrections,
STEPHEN KREIBS M.D. - Physician, Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners (Ft Myers, FL),
PA TEJEENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director CDOC,
JOSEPH GARY FORTUNADO D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH WERMERS, M.D., Physician Health Partners,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT MARK BOLD, Colorado Dept. of Corrections,
LT JASON ZWIRN, Colorado Dept. of Corrections,,
CATHIE HOLST, Manager of Correctional Legal Services,
ADA Coordinator, AIC CDOC,
ADRIENNE JACOBSON, Legal Assistant AIC/ADA Coordinator CDOC,
WARDEN BARK BROADDUS, Colorado Dept. of Corrections,
MAJOR TWO BEARS CHAVES, Colorado Dept. of Corrections,
SGT BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY LIBRAIAN, Colorado Dept. of Corrections,
JOHN DOE AND JANE DOE, all in their individual and official capacities,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This matter is before the court on "Defendants Warden Broaddus and Major Two Bears Chavez' Memorandum in Support of Motion to Dismiss Plaintiff's Claim for Deprivation of Fourth Amendment Right to Be Free from Unreasonable Search and Seizure" (Doc. No. 115, filed September 3, 2010 ["Mot. Dismiss"]).  Plaintiff filed his Response to the Motion to Dismiss on October 20, 2010 (Doc. No. 131 ["Resp. Mot. Dismiss"]), and Defendants filed their Reply on November 1, 2010 (Doc. No. 132 ["Reply Mot. Dismiss"]).  The Motion to Dismiss is ripe for the court's ruling and recommendation.  For the reasons set forth herein, this court recommends that the Motion to Dismiss be granted.

Also before the court is "Defendants Warden Broaddus and Major Two Bears Chavez' Motion for Summary Judgment with Respect to Plaintiff's Claim for Deprivation of Fourth Amendment Right to Be Free from Unreasonable Search and Seizure" (Doc. No. 156, filed January 5, 2011).  Because this court recommends dismissal of Plaintiff's claims against Defendants Broaddus and Chavez, the court also recommends that the Motion for Summary Judgment be denied as moot.

*I.    STATEMENT OF THE CASE*

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation.

Plaintiff is an inmate with the Colorado Department of Corrections ("CDOC") at Sterling Correctional Facility. (Mot. Dismiss at 2.) In his Complaint, Plaintiff generally alleges that Defendants provided him inadequate medical treatment, or denied him treatment altogether, for his migraine headaches, epilepsy, and degenerative disc disease. (Compl. at 19–23.) Next, Plaintiff alleges that he was removed from the general inmate population and the prison's "Therapeutic Community" program, refused medical treatment, fired from his prison job, and had his property confiscated because he tried to seek medical attention and complained about the adequacy of the treatment he was receiving. (*Id.* at 24–31.) Plaintiff also alleges that Defendants failed to recognize his migraine headaches, epilepsy, and spinal stenosis as disabilities and failed accommodate these disabilities in his prison employment and the conditions of his confinement. (*Id.* at 32–40.) Finally, Plaintiff alleges that on November 7, 2008, while "being transfered [sic] back from medical," he was "subjected to a mass strip search which included a completely naked body cavity search in the presence of multiple other inmates and female staff." (*Id.* at 42.)

Based on these facts, Plaintiff alleges (1) claims pursuant to 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his medical needs and, therefore, violated his rights under the Eighth Amendment to be free from cruel and unusual punishment; (2) claims pursuant to 42 U.S.C. § 1985 that Defendants retaliated against him for exercising his rights to medical treatment and to petition the government for grievances; (3) claims pursuant to the Americans with Disabilities Act ("ADA") that Defendants discriminated against him based on his epilepsy, migraines, and spinal stenosis by failing to recognize these impairments as disabilities and

failing to accommodate these disabilities in his employment and the conditions of his confinement, and (4) claims pursuant to 42 U.S.C. § 1983 that his Fourth Amendment rights to be free from unreasonable searches and seizures were violated. (*See id.*) Plaintiff's allegations against Defendants Broaddus and Chavez are contained within Plaintiff's Claim Four, "Denial of Right to Remain Free from Unreasonable Searches and Seizures." (*Id.* at 42.) Plaintiff has sued Defendants Broaddus and Chavez in their official and individual capacities (*id.* at 43), seeking injunctive relief, compensatory damages, punitive damages, and legal fees and costs (*id.* at 45).

Defendants seek dismissal of Plaintiff's claims against them on the bases that (1) they are entitled to Eleventh Amendment immunity in their official capacities; (2) Plaintiff has failed to allege any personal participation by them in the alleged constitutional violations; and (3) they are entitled to qualified immunity. (*See* Mot. Dismiss at 4–9.)

## II.     LEGAL STANDARDS

### A.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has

violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v.*

*Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### C.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### III.     ANALYSIS

#### A.     *Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the defendants in their official capacities constitute claims against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Therefore, Plaintiff's official-capacity claims for monetary relief against the defendants are barred by the

Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction. *See id.*; *Bennett*, 17 F.3d at 1267.

### B.     *Personal Participation*

Defendants also argue that Plaintiff has failed to allege any personal participation by Defendants Broaddus and Chavez in the any alleged violation of Plaintiff's constitutional rights. (Mot. Dismiss at 6.) Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Morever, it is well established that a defendant may not be held liable for constitutional violations merely because he or she holds a supervisory position. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

Plaintiff's only allegation as to Defendant Broaddus is that he "deprived [Plaintiff] of [his] right to remain free from unreasonable search and seizure on November 7, 2008. Broaddus is responsible for the day to day operations of DRDC and the mass strip search practices there." (*Id.*) As to Defendant Chavez, Plaintiff's only allegation is that he "deprived [Plaintiff] of [his]

4th Amendment right to remain free from unreasonable search and seizure on November 7, 2008 . . . . Chavez is the Direct Supervisor of the transport staff and as such responsible for the strip searches they perform." (*Id.*) Plaintiff seeks to hold the defendants vicariously liable for the deprivation of Plaintiff's constitutional rights merely because they hold positions of authority and responsibility. This, of course, is insufficient to establish the defendants' personal participation in violating Plaintiff's constitutional rights. Plaintiff has failed to allege an affirmative link between the alleged constitutional violation and the defendants' own participation or failure to supervise. *Butler*, 992 F.2d at 1055. Accordingly, the court finds that Plaintiff fails to sufficiently allege that Defendants Broaddus and Chavez personally participated in the alleged violations of Plaintiff's constitutional rights.

### C.     *Qualified Immunity*

Finally, Defendants argue that, to the extent Plaintiff is suing Defendants Broaddus and Chavez in their individual capacities under § 1983, the defendants are entitled to qualified immunity. Whether Defendants Broaddus and Chavez are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct. With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.* Having concluded above that Plaintiff has failed to state a claim that Defendant Broaddus or Chavez's conduct violated any constitutional right, the defendants are entitled to qualified immunity on Plaintiff's § 1983 claim.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1. "Defendants Warden Broaddus and Major Two Bears Chavez' Memorandum in Support of Motion to Dismiss Plaintiff's Claim for Deprivation of Fourth Amendment Right to Be Free from Unreasonable Search and Seizure" (Doc. No. 115) be GRANTED, and that the claims against Defendants Broaddus and Chavez be dismissed; and

2. "Defendants Warden Broaddus and Major Two Bears Chavez' Motion for Summary Judgment with Respect to Plaintiff's Claim for Deprivation of Fourth Amendment Right to Be Free from Unreasonable Search and Seizure" (Doc. No. 156) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of January, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge