IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01051–ZLW–KMT

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO - OFFICE OF THE GOVERNOR BILL RITTER;
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ M.D. CMO, Colorado Dept. of Corrections,
STEPHEN KREIBS M.D. - Physician, Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners (Ft Myers, FL),
PA TEJEENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director CDOC,
JOSEPH GARY FORTUNADO D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH WERMERS, M.D., Physician Health Partners,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT MARK BOLD, Colorado Dept. of Corrections,
LT JASON ZWIRN, Colorado Dept. of Corrections,,
CATHIE HOLST, Manager of Correctinal Legal Services,
ADA Coordinator, AIC CDOC,
ADRIENNE JACOBSON, Legal Assistant AIC/ADA Coordinator CDOC,
WARDEN BARK BROADDUS, Colorado Dept. of Corrections,
MAJOR TWO BEARS CHAVES, Colorado Dept. of Corrections,
SGT BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY LIBRAIAN, Colorado Dept. of Corrections,
JOHN DOE AND JANE DOE, all in their individual and official capacities,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Plaintiff's "Petition Under Rule 65 that the Defendants Return Nasious Files and that the Continued Ongoing Harrasment [sic] is Continueing [sic] to Date" (Doc. No. 154, filed January 5, 2011). Defendants filed their response on February 19, 2010. (Doc. No. 166.)

The court must construe the motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Plaintiff's motion is so rambling and incoherent that the court is unclear as to what relief he seeks. Plaintiff apparently seeks an injunction or temporary restraining order requiring various individuals at the Sterling Correctional Facility ("SCF") to allow him and other prisoners to file grievances.

A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). In his Motion, Plaintiff entirely fails to allege or show that he is facing immediate and irreparable harm. Injunctive relief is subject to denial on this basis alone. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief).

Even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d

at 1258.  Plaintiff does not address the balance of harm in his Motion.  Accordingly, the court finds that Plaintiff has failed to make the requisite showing to tip this factor in his favor.

Plaintiff also fails to address the impact of an injunction on the public.  The court notes that the public would ultimately have to bear the cost of any required changes in Defendants' conduct.  While in this isolated case such cost may be minimal, the court finds that the public interest is best served by upholding the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear.  Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269–70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  The court finds that Plaintiff has failed to meet his burden in relation to this factor.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims.  *Schrier*, 427 F.3d at 1258.  In his Motion, Plaintiff fails to specifically address whether he would succeed on the merits of any of his underlying claims.  As such, Plaintiff has failed to set forth sufficient proof, at this stage, that he is likely to succeed on the merits of the claims asserted.  Moreover, given the tenuous nature of the relationship between Plaintiff's current allegations and the claims underlying his Complaint, even assuming the truth of the allegations Plaintiff makes here, these allegations do not tend to make his underlying claims any more or less meritorious.  *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (noting that plaintiff fails to show substantial likelihood of success where he cannot

provide "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief").

Accordingly, this court respectfully

RECOMMENDS that Plaintiff's "Petition Under Rule 64 that the Defendants Return Nasious Files and that the Continued Ongoing Harrasment [sic] is Continueing [sic] to Date" (Doc. No. 154) be DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of January, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge