IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-01051-ZLW-KMT

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO - OFFICE OF THE GOVERNOR BILL RITTER,
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ, M.D., C.M.O, Colorado Dept. of Corrections,
STEPHEN KREIBS, M.D. - Physician Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners,
P.A. TEJENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director, CDOC,
JOSEPH GARY FORTUNADO D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH WERMERS, M.D., Physician Health Partners,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department, Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT. MARK BOLD, Colorado Dept. of Corrections,
LT. JASON ZWIRN, Colorado Dept. of Corrections,
CATHIE HOLST, Manager of Correctional Legal Services ADA Coordinator/AIC, CDOC,
ADRIENNE JACOBSON, Legal Assistant, AIC/ADA Coordinator, CDOC,
WARDEN MARK BROADDUS, Colorado Dept. of Corrections,
MAJOR TWO BEARS CHAVES, Colorado Dept. of Corrections,
SGT. BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY, Librarian, Colorado Dept. of Corrections, and
JOHN DOE AND JANE DOE, all in their individual and official capacities,

    Defendants.

---

ORDER

---

The matter before the Court is Defendants Warden Broaddus And Major Two Bears Chavez' Motion To Dismiss Plaintiff's Claim For Deprivation Of Fourth Amendment Right To Be Free From Unreasonable Search And Seizure (Doc. No. 115). This motion was referred to Magistrate Judge Kathleen M. Tafoya pursuant to D.C.COLO.LCivR 72.1C.  On January 10, 2011, the Magistrate Judge issued her Recommendation that the motion be granted.  (Doc. No. 165).  Plaintiff filed an objection to the Magistrate Judge's Recommendation on January 28, 2010.[1]  The Court reviews *de novo* only those portions of the Recommendation to which Plaintiff has specifically objected.[2]  The Court has construed Plaintiff's pleadings liberally because he is proceeding *pro se*.[3]

Plaintiff asserts a claim or claims against Defendants Broaddus and Chavez under 42 U.S.C. § 1983, alleging that these Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures.  In her Recommendation, the Magistrate Judge concluded that Plaintiff's § 1983 claims against Defendants Broaddus and Chavez in their official capacities are barred by Eleventh Amendment immunity.

---

[1] Plaintiff's objection was due on January 27, 2010.  Plaintiff's certificate of service states that he mailed his objection to the Court on January 25, 2010.  The objection is timely under the prison mailbox rule.  See Price v. Philpot, 420 F.3d 1158, 1164 and 1164 n. 4 (10th Cir. 2005).

[2] See United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) *(*court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .")

[3] Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

Plaintiff has not articulated any specific objection to this aspect of the Recommendation, and the Court agrees with and adopts the Recommendation as to this issue.

The Magistrate Judge also concluded that Plaintiff's claim or claims against Defendants Broaddus and Chavez in their individual capacities should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to allege that either Defendant personally participated in a violation of Plaintiff's constitutional rights, as is required to state a claim for personal liability under § 1983.[4]  Plaintiff's objection does not provide any indication that Defendants Broaddus and Chavez personally participated in any alleged violation of Plaintiff's constitutional rights, and instead appears to argue only that these Defendants should be held liable because they had supervisory duties at the prison facility.  As the Magistrate Judge explained, personal liability under § 1983 cannot be based on the defendant's supervisory position alone.  Rather, the plaintiff must plead and prove show that the defendant took actions him or herself which violated the plaintiff's constitutional rights.[5]  Plaintiff has failed to do so here.  Further, Plaintiff has not objected to or addressed the Magistrate Judge's well-reasoned conclusion that Defendants Broaddus and Chavez are entitled to qualified immunity on the § 1983 individual capacity claims asserted against them.  For the foregoing reasons, Plaintiff's individual capacity claims against Defendants Broaddus and Chavez properly are dismissed.

---

[4] See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

[5] See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

Accordingly, for the reasons set forth above, the Court accepts and adopts the Recommendation in its entirety, and it is

ORDERED that Defendants Warden Broaddus And Major Two Bears Chavez' Motion To Dismiss Plaintiff's Claim For Deprivation Of Fourth Amendment Right To Be Free From Unreasonable Search And Seizure (Doc. No. 115) is granted.  It is

FURTHER ORDERED that Defendants Warden Broaddus and Major Two Bears Chavez are dismissed from this action with prejudice, and the case caption shall be amended accordingly.  It is

FURTHER ORDERED that Defendants Warden Broaddus And Major Two Bears Chavez' Motion For Summary Judgment . . . (Doc. No. 156)  is denied as moot.

DATED this 22nd day of February, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK
Senior United States District Judge