**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-01051-REB-KMT

JOHN NASIOUS,

    Plaintiff,

v.

STATE OF COLORADO - OFFICE OF THE GOVERNOR BILL RITTER;
NURSE MARTHA MUELLER, Physician Health Partners,
DR. BARRY GOLDSMITH, Physician Health Partners,
PAULA FRANTZ M.D. CMO, Colorado Dept. of Corrections,
STEPHEN KREIBS M.D. - Physician, Health Partners Agent of Record,
P.A. BRIAN WEBSTER, Physician Health Partners (Ft Myers, FL),
PA TEJEENDER SINGH, Physician Health Partners,
ARISTEDES ZAVARAS, Executive Director CDOC,
JOSEPH GARY FORTUNADO D.O., Physician Health Partners,
P.A. JOANN STOCK, Physician Health Partners,
NURSE NANCY WHITE, Physician Health Partners,
JOSEPH WERMERS, M.D., Physician Health Partners,
CO ST. MARTIN, Colorado Dept. of Corrections,
CO REGINA JOHNSON, Medical Department Colorado Dept. of Corrections,
CAPTAIN WEINGARDT, Colorado Dept. of Corrections,
LT MARK BOLD, Colorado Dept. of Corrections,
LT JASON ZWIRN, Colorado Dept. of Corrections,,
CATHIE HOLST, Manager of Correctional Legal Services,
ADA Coordinator, AIC CDOC,
ADRIENNE JACOBSON, Legal Assistant AIC/ADA Coordinator CDOC,
SGT BECKY BALL, Colorado Dept. of Corrections,
LT. JIMERSON, Colorado Dept. of Corrections,
MS. HAVERLY LIBRAIAN, Colorado Dept. of Corrections,
JOHN DOE AND JANE DOE, all in their individual and official capacities,

    Defendants

## ORDER CONCERNING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    The matters before me are (1) **Defendants Dr. Barry Goldsmith, Stephen**

**Krebs, M.D., P.A. Brian Webster, P.A. Tejinder Singh, Joseph Gary Fortunato, D.O., P.A. Jo Ann Stock, Nurse Nancy White, and CO Regina Johnson's Motion for Summary Judgment with Respect to Plaintiff's Claim for Deprivation of Eighth Amendment Right to be Free from Cruel and Unusual Punishment** [#149][1] filed January 4, 2011; (2) **Defendants Captain Winger, Major Johnson, Lt. Mark Bold, Lt. Shane McMahill, Lt. Jason Zwirn, CO St. Martin, P.A. Brian Webster, CO Kenneth Lefecer, Sgt. Becky Ball, and Lt. Jimerson's Motion for Summary Judgment with Respect to Plaintiff's Claim for Retaliation and Exercise of First Amendment Protected Rights** [#150] filed January 4, 2011; (3) **Defendant State of Colorado - Office of the Governor Bill Ritter's Motion for Summary Judgment Against Plaintiff's Remaining Claim Against Defendant Governor Ritter - Official Capacity for Deprivation of Rights Secured by the Americans with Disabilities Act** [#151] filed January 4, 2011; (4) **Defendants Dr. Barry Goldsmith, Paula Frantz, M.D., C.M.O., Stephen Krebs, M.D., Joseph Gary Fortunato, D.O., P.A. Brian Webster, P.A. Tejender Singh, P.A. JoAnn Stock, and Joseph J. Wermers' Motion for Summary Judgment Against Plaintiff's Claim for Deprivation of Rights Secured by the Americans with Disabilities Act** [#152] filed January 4, 2011; (5) **Defendants' Motion for Summary Judgment with Respect to Plaintiff's Claim for Punitive Damages for Deprivation of Rights Secured by the Americans with Disabilities Act** [#155] filed January 5, 2011; (6) **Defendant Aristedes Zavaras, Cathie Holst, Adrienne Jacobson, and Ms. Heverly's Motion for Summary Judgment with**

---

[1] "[#149]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2

**Respect to Plaintiff's claim for Deprivation of Rights Secured by the Americans with Disabilities Act** [#158] filed January 5, 2011; (7) the **Recommendation of United States Magistrate Judge** [#194] filed April 22, 2011; and (8) **Plaintiff's Objection to Recommendation of United States Magistrate Judge** [#197] filed May 12, 2011. I sustain the plaintiff's objection in part and overrule it in part. I adopt the recommendation of the magistrate judge in part and respectfully reject the recommendation in part. With one exception, I grant certain of the motions for summary judgment *in toto.* I deny the motion for summary judgment docketed as [#158] in part, and I deny that motion in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus**,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton,*** 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The facts, procedural history of this case, and standards of review applicable to the motions for summary judgment are set forth in detail in the magistrate judge's recommendation and need not be repeated here. I approve and adopt the analysis of the magistrate judge on which she bases her recommendation that the following motions for summary judgment be granted: (1) the motion for summary judgment docketed as [#149], (2) the motion for summary judgment docketed as [#150], (3) the

3

motion for summary judgment docketed as [#151], (4) the motion for summary judgment docketed as [#152], and (5) the motion for summary judgment docketed as [#155]. I overrule the plaintiff's objections [#197] concerning the magistrate judge's recommendations as to these motions.

The magistrate judge recommends also that the defendants' motion for summary judgment docketed as [#158] be granted with regard to the plaintiff's Americans with Disabilities Act (ADA) claims. I agree with the findings and recommendations of the magistrate judge concerning the plaintiff's ADA claims in all but one respect. Having reviewed the record, I conclude that there remains a genuine issue of a material fact as to whether or not certain defendants, specified below, violated the requirements of Title II of the ADA concerning the plaintiff's photophobia or light sensitivity.

A plaintiff seeking to establish a claim under Title II of the ADA must "allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." ***Robertson v. Las Animas County Sheriff's Dep't***, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing 42 U.S.C. § 12132). The United States Department of Justice promulgated regulations in order to implement the mandates of Title II by requiring public entities to make "reasonable modifications in policies, practices, or procedures" when necessary to avoid a discriminatory impact based on an individual's disability. ***Robertson***, at 1195 (citing 28 C.F.R. § 35.130(b)(7)). Title II requires public entities to provide meaningful access to their programs and services. ***Id***. These mandates extend to state prisons and prison services. ***Penn. Dep't of Corr. V. Yeskey***, 524 U.S. 206, 206 (1998).

A disability within the meaning of the ADA includes, *inter alia*,

4

> "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12102(2)(A). Individuals attempting to prove disability status under this test may not merely rely on evidence of a medical diagnosis of an impairment. "Instead, the ADA requires those 'claiming the Act's protection ... to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial.' " *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (*quoting Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999)).

*Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1194 (10th Cir. 2007).

As detailed by the magistrate judge, the defendants proffered evidence in support of their motions for summary judgment that indicates that the plaintiff does not suffer from a qualifying disability. *Recommendation* [#194] filed April 22, 2011, p. 43. Based on this evidence, the defendants are entitled to summary judgment on the question of whether or not the plaintiff has a qualifying disability unless the plaintiff comes forward with contrary evidence which establishes a genuine issue of material fact on this issue. In his complaint, the plaintiff alleges that certain defendants failed to recognize his photophbia as a disability covered by the ADA and that he requested accommodation for his light sensitivity while he worked in his prison job. *Compl.* [#17] at 38-39, ¶ ¶ 57-65. His condition, the plaintiff contends, sometimes prevents him from working in his prison job unless he can work in low-light conditions. *Compl.* [#17] at 39, ¶ 62. The plaintiff contends that he never received any accommodation and that he received threats of losing his job due to his inability to work as a result of his photophobia. *Id.*

The plaintiff's complaint is sworn under the penalty of perjury. *Compl.* [#17] at 45. A plaintiff's complaint may be treated as an affidavit to the extent the complaint

5

contains statements that are based on personal knowledge and those statements have been sworn under penalty of perjury. **Mosier v. Maynard,** 937 F.2d 1521, 1524 (10th Cir. 1991). I have relied on the sworn factual assertions in the complaint [#17] to the extent they are based on the plaintiff's personal knowledge and they support factual statements asserted by the plaintiff in his responses to the motions for summary judgment. Viewing the evidence in the record in the light most favorable to the plaintiff, including the facts asserted in the plaintiff's sworn complaint, a reasonable fact finder could find for the plaintiff to the extent he asserts a claim under Title II of the ADA based on his photophobia and the conditions of his prison employment. If the plaintiff can substantiate the facts asserted in his sworn complaint, a reasonable fact finder could conclude that the plaintiff is a qualified individual with a disability who was denied the benefits of a public entity's services, programs, or activities, and that the denial of benefits was based on the plaintiff's disability.

There are several limitations on a Title II claim that are relevant to the plaintiff's ADA claim. The proper defendant in a claim under Title II of the ADA is the public entity itself or an official acting in his or her official capacity on behalf of the public entity. **Everson v. Leis**, 556 F.3d 484, 501 (6th Cir. 2009). Title II of the ADA does not provide for suit against an official of a public entity in their individual capacity. **Id**. To the extent the plaintiff names any defendant in his or her individual capacity, those defendants are entitled to summary judgment on the plaintiff's ADA claim.

As noted by the magistrate judge, an alleged failure to provide medical treatment for a disabled prisoner is not actionable under the ADA. *Recommendation* [#194], p. 41. To the extent the plaintiff claims that defendant prison medical providers violated the ADA by not providing medical treatment or by providing improper medical treatment,

those defendants are entitled to summary judgment on the plaintiff's ADA claim.

Further, Title II of the ADA is not a valid abrogation of Colorado's Eleventh Amendment immunity from claims for damages. **Chaffin v. Kansas State Fair Bd**, 348 F.3d 850, 866 (10th Cir. 2003). Therefore, the plaintiff cannot assert a claim for damages based on an alleged violation of the ADA. However, the plaintiff may seek prospective injunctive relief for an ongoing violation of the ADA. *Id*.

The plaintiff names several individuals as defendants. The only defendants who are alleged to have any control over the conditions of the plaintiff's prison employment are Cathie Holst, who is alleged to be the ADA Inmate Coordinator at the prison where the plaintiff is housed, and Adrienne Jacobson, who is alleged to be the ADA designee at the prison. In his sworn complaint, the plaintiff alleges that these two defendants have not ensured that the prison has jobs with restrictions available for an inmate with a disability. *Compl.* [#17], p. 38, ¶¶ 59, 60. There is no evidence in the record that any of the other named defendants were involved in the alleged violation of Title II of the ADA. Therefore, all other defendants are entitled to summary judgment on the plaintiff's Title II ADA claim based on his photophobia.

In his complaint, the plaintiff alleges also that he suffers from a low back problem and that he was denied "bottom bunk / lower tier restrictions" between September 26, 2006 and August 12, 2009. The plaintiff may not assert an ADA claim based on these alleged facts. The Eleventh Amendment bars the plaintiff from seeking an award of damages based on these alleged facts, and the plaintiff is not entitled to injunctive relief because the alleged denial of benefits ended in August of 2009. Thus, the defendants are entitled to summary judgment on this aspect of the plaintiff's ADA claim.

The plaintiff alleges also that he suffers from other disabilities, in addition to

7

photophobia, and that the defendants have denied him benefits as a result. These other allegations generally are conclusory and non-specific, especially with regard the benefits the plaintiff claims he has been denied as a result of these other disabilities. Even when the plaintiff's complaint is viewed as a sworn affidavit, no reasonable fact finder could find for the plaintiff on his ADA claim based on these other alleged disabilities.

In sum, I respectfully disagree with the recommendation of the magistrate judge to this limited extent. I conclude that there remains a genuine issue of a material fact as to whether or not defendants Cathie Holst and Adrienne Jacobson violated the requirements of Title II of the ADA with regard to the plaintiff's photophobia or light sensitivity as that alleged disability concerns the plaintiff's prison job. On the current record, summary judgment on this aspect of the plaintiff's ADA claim is not proper. Otherwise, I approve and adopt the recommendation of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on United States Magistrate Judge** [#194] filed April 22, 2011, is **APPROVED** and **ADOPTED** as an order of this court to the extent the magistrate judge recommends that the defendants' motions for summary judgment [#149, #150, #151, #152, & #155] be granted;

2. That the **Defendants Dr. Barry Goldsmith, Stephen Krebs, M.D., P.A. Brian Webster, P.A. Tejinder Singh, Joseph Gary Fortunato, D.O., P.A. Jo Ann Stock, Nurse Nancy White, and CO Regina Johnson's Motion for Summary Judgment with Respect to Plaintiff's Claim for Deprivation of Eighth Amendment Right to be Free from Cruel and Unusual Punishment** [#149] filed January 4, 2011, is **GRANTED**;

     3.  That the **Defendants Captain Winger, Major Johnson, Lt. Mark Bold, Lt. Shane McMahill, Lt. Jason Zwirn, CO St. Martin, P.A. Brian Webster, CO Kenneth Lefecer, Sgt. Becky Ball, and Lt. Jimerson's Motion for Summary Judgment with Respect to Plaintiff's Claim for Retaliation and Exercise of First Amendment Protected Rights** [#150] filed January 4, 2011, is **GRANTED**;

     4.  That the **Defendant State of Colorado - Office of the Governor Bill Ritter's Motion for Summary Judgment Against Plaintiff's Remaining Claim Against Defendant Governor Ritter - Official Capacity for Deprivation of Rights Secured by the Americans with Disabilities Act** [#151] filed January 4, 2011, is **GRANTED**;

     5.  That the **Defendants Dr. Barry Goldsmith, Paula Frantz, M.D., C.M.O., Stephen Krebs, M.D., Joseph Gary Fortunato, D.O., P.A. Brian Webster, P.A. Tejender Singh, P.A. JoAnn Stock, and Joseph J. Wermers' Motion for Summary Judgment Against Plaintiff's Claim for Deprivation of Rights Secured by the Americans with Disabilities Act** [#152] filed January 4, 2011, is **GRANTED**;

     6.  That the **Defendants' Motion for Summary Judgment with Respect to Plaintiff's Claim for Punitive Damages for Deprivation of Rights Secured by the Americans with Disabilities Act** [#155] filed January 5, 2011, is **GRANTED**;

     7.  That the **Recommendation of United States Magistrate Judge** [#194] filed April 22, 2011, respectfully is **REJECTED** to the extent the magistrate judge recommends that the defendants' motion for summary judgment [#158] be granted in favor of defendants Cathie Holst and Adrienne Jacobson as to the plaintiff's Title II ADA claim based on the plaintiff's photophobia or light sensitivity as that alleged disability affects the plaintiff's prison job;

9

8. That the objections stated in **Plaintiff's Objection to Recommendation of United States Magistrate Judge** [#197] filed May 12, 2011, are **SUSTAINED** in part, but only to the extent the plaintiff asserts a Title II ADA claim against defendants, Cathie Holst and Adrienne Jacobson, based on the plaintiff's photophobia or light sensitivity as that alleged disability affects the plaintiff's prison job;

9. That **Defendant Aristedes Zavaras, Cathie Holst, Adrienne Jacobson, and Ms. Heverly's Motion for Summary Judgment with Respect to Plaintiff's claim for Deprivation of Rights Secured by the Americans with Disabilities Act** [#158] filed January 5, 2011, is **DENIED** in part, but only to the extent the plaintiff asserts a Title II ADA claim against defendants, Cathie Holst and Adrienne Jacobson, based on the plaintiff's photophobia or light sensitivity as that alleged disability affects the plaintiff's prison job;

10. That otherwise, the **Recommendation of United States Magistrate Judge** [#194] filed April 22, 2011, is **APPROVED** and **ADOPTED** as an order of this court to the extent the magistrate judge recommends that the defendants' motion for summary judgment [#158] be granted;

11. That otherwise, the objections stated in **Plaintiff's Objection to Recommendation of United States Magistrate Judge** [#197] filed May 12, 2011, are **OVERRULED**;

12. That otherwise, **Defendant Aristedes Zavaras, Cathie Holst, Adrienne Jacobson, and Ms. Heverly's Motion for Summary Judgment with Respect to Plaintiff's claim for Deprivation of Rights Secured by the Americans with Disabilities Act** [#158] filed January 5, 2011, is **GRANTED**;

13.  That defendants, State of Colorado - Office of the Governor Bill Ritter, Nurse Martha Mueller, Physician Health Partners, Dr. Barry Goldsmith, Physician Health Partners, Paula Frantz M.D. CMO, Colorado Dept. Of Corrections, Stephen Kreibs M.D. - Physician, Health Partners Agent of Record, P.A. Brian Webster, Physician Health Partners (Ft Myers, Fl), PA Tejeender Singh, Physician Health Partners, Aristedes Zavaras, Executive Director CDOC, Joseph Gary Fortunado D.O., Physician Health Partners, P.A. Joann Stock, Physician Health Partners, Nurse Nancy White, Physician Health Partners, Joseph Wermers, M.D., Physician Health Partners, CO St. Martin, Colorado Dept. of Corrections, CO Regina Johnson, Medical Department Colorado Dept. of Corrections, Captain Weingardt, Colorado Dept. of Corrections, Lt Mark Bold, Colorado Dept. of Corrections, Lt Jason Zwirn, Colorado Dept. of Corrections, Sgt. Becky Ball, Colorado Dept. of Corrections, Lt. Jimerson, Colorado Dept. of Corrections, Ms. Haverly Libraian, Colorado Dept. of Corrections, John Doe and Jane Doe, all in their individual and official capacities, all are **DROPPED** from this action, and the caption shall be **AMENDED** accordingly.

Dated June 29, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge