IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01051–REB–KMT

JOHN NASIOUS,

      Plaintiff,

v.

CATHIE HOLST, Manager of Correctional Legal Services, ADA Coordinator, AIC CDOC, and
ADRIENNE JACOBSON, Legal Assistant AIC/ADA Coordinator CDOC,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the court on "Defendants Cathie Holst and Adrienne Jacobson's

Motion to Dismiss" (Doc. No. 217 [Mot.], filed July 29, 2011). Plaintiff filed his response on

August 3, 2011.[1] (Doc. No. 220 [Resp.].) The motion is ripe for this court's recommendation.

## I.    *STATEMENT OF THE CASE*

      On June 29, 2011, District Judge Robert E. Blackburn entered an Order Concerning

Recommendation of United States Magistrate Judge. (Doc. No. 201.) In the Order, Judge

Blackburn noted the limitations on Plaintiff's Title II claim, and granted summary judgment in

favor of the defendants to the extent Plaintiff named them in their individual capacities; granted

_____

[1]Based on the analysis below, the court finds a reply brief unnecessary. Pursuant to
D.C.COLO.LCivR 7.1C., a judicial officer may rule on a motion at any time after it is filed.

summary judgment in favor of the defendants to the extent Plaintiff alleged they violated the ADA by not providing medical treatment; granted summary judgment in favor of the defendants to the extent Plaintiff asserted a claim for damages based on an alleged violation of the ADA; granted summary judgment in favor of all defendants to the extent Plaintiff sought damages or injunctive relief related to claims he was denied "bottom bunk/lower tier restrictions" between September 26, 2006 and August 12, 2009; granted summary judgment in favor of all defendants to the extent Plaintiff had made other conclusory and non-specific allegations related to other benefits denied to him based on other disabilities from which he suffers; and granted summary judgment against all defendants except Defendant Cathie Holst, who is alleged to be the ADA Inmate Coordinator at the Sterling Correctional Facility (SCF), and Defendant Adrienne Jacobson, who is alleged to be the ADA designee at SCF, on Plaintiff's Title II ADA claim based on his photophobia.  (*See* Doc. No. 201 at 6–8.)

However, Judge Blackburn found that "a reasonable fact finder could find for the plaintiff to the extent he asserts a claim under Title II of the ADA based on his photophobia and the conditions of his prison employment."  (Doc. No. 201 at 6.)  Judge Blackburn stated "the plaintiff may seek prospective injunctive relief for an ongoing violation of the ADA."  (*Id.* at 7 (emphasis added) (citing *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 866 (10th Cir. 2003).)  Thus, pursuant to the Court's June 29, 2011 Order, Plaintiff's sole remaining claim against Defendants Holst and Jacobson is his ADA claim against Defendants in their official capacities for injunctive relief with respect to light sensitivity/photophobia.

The only claims Plaintiff alleges against Defendant Holst related to the conditions of his employment are that Defendant Holst has "failed to recognize Nasious' disability" and refused to give him work restrictions between September 26, 2006 to present, that she discriminated against Plaintiff and forced him to work in job positions where his injuries affect his job, and that "By not maintaing [sic] that CDOC has light duty jobs with restrictions available for me thus violating my rights guaranteed by the ADA." (*See* Doc. No. 17, § D, Claim Three, ¶ 43 at 34; ¶ 47 at 36, and ¶ 59 of 38.)  Plaintiff's allegations against Defendant Jacobson are that she has "failed to recognize Nasious' disability" and refused to give him work restrictions between September 26, 2006 to present, that she discriminated against Plaintiff and forced him to work in job positions where his injuries affect his job, and that "By not maintaing [sic] that CDOC/SCF has light-duty jobs with restrictions Jacobson violated my rights guaranteed by the ADA." (*See id.*, § D., Claim Three, ¶ 43 at 34, ¶ 47 at 36, and ¶ 60 at 38.)

## II.   LEGAL STANDARDS

### A.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

3

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B.      *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals

4

for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a

disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v.

Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

## III.   ANALYSIS

The defendants move to dismiss Plaintiff's remaining claims for injunctive relief against

them for lack of jurisdiction for mootness.  On June 14, 2011, Plaintiff was transferred to a

halfway house in Denver, Colorado, which agreed to accept custody of and supervise Plaintiff.

(Mot., Ex. A, ¶ 5.)  Plaintiff's last date of employment at the SCF was June 14, 2011.  (*Id.*, Ex.

B, ¶¶ 8–9.)

"A case becomes moot when events occur which resolve the controversy underlying it."

*United States v. Dominguez-Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999) (citing *Burke v.

Barnes*, 479 U.S. 361, 363 (1987)).  "In such a situation, a federal court decision provides no

resolution between the parties to the lawsuit and therefore, constitutes a constitutionally

5

impermissible advisory opinion." *Dominguez-Carmona*, 166 F.3d at 1055.  In other words, "when a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, [the court has] no jurisdiction under Article III." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999).

The Tenth Circuit has stated:

> When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness.  *See, e.g., Green* [*v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997)] ("Since he has been transferred from state custody to federal custody and has been released, Green concedes that his claim for injunctive relief against state employees is moot."); *see also Muhammad v. City of New York Dept. of Corr.*, 126 F.3d 119, 123 (2d Cir.1997) (concluding that granting plaintiff's claim "would afford no 'legally cognizable benefits' to [plaintiff], who is no longer imprisoned within the [New York City Department of Corrections] system").

*Jordan v. Sosa*, ___ F.3d ___, No. 08-1326, 2011 WL 2854139, at *10 (10th Cir. Jul. 20, 2011).

In *McAlpine*, the Tenth Circuit held that

> when an inmate's claim for prospective injunctive relief regarding conditions of confinement becomes moot due to the inmate-plaintiff's release from confinement, the inmate's parole or supervised release status does not, absent some exceptional showing, bring that claim under the narrow "capable of repetition, yet evading review" exception to the mootness doctrine.

*McAlpine*, 187 F.3d at 1215.  "[T]he narrow capable-of-repetition exception to the mootness doctrine applies only 'where the following two circumstances [are] simultaneously present: '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be

subject to the same action again.' ' "  187 F.3d at 1216 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Plaintiff satisfies neither of these conditions.  In fact, the only argument Plaintiff makes in this regard is that he is in an independent therapeutic treatment center that is fully recognized by the State of Colorado and that he must still "live under the rules[,] laws and reservations of the DOC and any infraction will result in [his] being returned to prison . . . ."[2]  (Resp. at 1–2.) However, the *McAlpine* court held that "the hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions."  *Id.* at 1217.  Finally, *McAlpine* declined "to speculate that [the plaintiff] will break the law or otherwise violate the conditions of [the] release agreement."  *Id.* at 1218 (citing *Knox v. McGinnis*, 998 F.2d 1405, 1412–15 (7th Cir.1993)).  "Such speculation would undermine the presumption of innocence in our criminal justice system, and the rehabilitative focus of the parole system."  *Id.*

Having determined Plaintiff has failed to satisfy the conditions of the capable-of-repetition exception to the mootness doctrine, Plaintiff's remaining claims against Defendants Holst and Jacobson are moot and should be dismissed for lack of subject matter jurisdiction.

---

[2]Plaintiff also makes arguments regarding claims and defendants previously dismissed from this case.  The court need not address those arguments.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants Cathie Holst and Adrienne Jacobson's Motion to

Dismiss" (Doc. No. 217) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge